UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DALE CLINTON,

    Petitioner,                                    Case Number 10-11528-BC
                                                        HON. THOMAS L. LUDINGTON

v.

CATHERINE BAUMAN,

    Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Dale Clinton, presently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty in the Genesee County Circuit Court to one count of second-degree murder and one count of possession of a firearm during the commission of a felony ("felony-firearm"). Petitioner was sentenced to twelve-to-forty years on the second-degree murder conviction and received a consecutive two-year prison term on the felony-firearm conviction. Petitioner alleges that the trial court should have permitted him to withdraw his guilty plea, because he was misled by his trial counsel into entering into an illusory plea agreement, that the trial court incorrectly scored his sentencing guidelines by considering factors which had not been proven to a jury beyond a reasonable doubt or admitted to by Petitioner, and that Petitioner was denied the effective assistance of trial counsel. Petitioner has also filed a motion for equitable tolling.

Respondent filed a motion for summary judgment on October 25, 2010, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. §

2244 (d)(1). Because the petition was filed late and it cannot be saved by the doctrine of equitable tolling, Respondent's motion for summary judgment will be granted and the petition will be dismissed.

I.

On April 10, 2002, Petitioner pleaded guilty to the above charges. On May 1, 2002, he was sentenced to prison.

Petitioner's application for leave to appeal was denied by the Michigan Court of Appeals. *People v. Clinton*, No. 246948 (Mich.Ct.App. June 12, 2003). Petitioner did not file an application for leave to appeal with the Michigan Supreme Court.[1]

On June 27, 2008, Petitioner filed a post-conviction motion for relief from judgment with the trial court pursuant to Mich.Ct.R. 6.500, *et. seq.*[2] After the trial court and the Michigan Court of Appeals denied Petitioner's post-conviction application, collateral review ended in the Michigan courts on January 29, 2010, when the Michigan Supreme Court denied Petitioner leave to appeal the denial of his post-conviction motion. *People v. Clinton*, 485 Mich. 1076, 777 N.W.2d 162 (2010). Petitioner signed and dated his habeas petition on March 29, 2010.[3]

II.

Respondent filed a motion for summary judgment, asking this Court to dismiss the petition

---

[1] *See* Affidavit of Corbin R. Davis, Clerk of the Michigan Supreme Court, dated July 21, 2010 [dkt. # 9-3].

[2] Respondent claims that the post-conviction motion was not filed with the Genesee County Circuit Court until July 1, 2008, but Petitioner claims that the motion was filed on June 27, 2008. Even giving Petitioner the benefit of the doubt, the petition is still untimely.

[3] Under the prison mailbox rule, this Court will assume that Petitioner actually filed his current habeas petition on March 29, 2010, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

for writ of habeas corpus on the ground that the petition was not filed in compliance with the statute of limitations. A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of informing the Court of the basis for its motion, and identifying where to look in the record for relevant facts "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must "set out specific facts showing a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). The summary judgment rule applies to habeas proceedings. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003). In the statute of limitations context, "dismissal is appropriate only if a [moving party] clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2d Cir.1999); *See also Cooey v. Strickland*, 479 F. 3d 412, 415-16 (6th Cir. 2007).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, became effective on April 24, 1996, and it governs the filing date for the habeas application in this case because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a new, one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F. 3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the

>applicant was prevented from filing by such State action;
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F. 3d 691, 694-95 (6th Cir. 2000), overruled on other grounds, *Abela v. Martin*, 348 F. 3d 164, 172-73 (6th Cir.2003) (dismissing a habeas case filed thirteen days after the limitations period expired as untimely); *Neal v. Bock*, 137 F. Supp. 2d 879, 885 (E.D. Mich. 2001)(dismissing a habeas petition filed over one month after the limitations period had expired as untimely).

In the present case, the Michigan Court of Appeals denied Petitioner's direct appeal on June 12, 2003. Normally, the one year statute of limitations does not begin to run until the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court has expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). In this case, however, Petitioner is not entitled to have the ninety day time period for seeking a writ of certiorari added to the calculation of the limitations period, because his failure to file a timely application for leave to appeal to the Michigan Supreme Court divested the U.S. Supreme Court of jurisdiction to grant a writ of certiorari. *See Eisermann v. Penarosa*, 33 F. Supp. 2d 1269, 1272-73, n. 5 (D. Haw. 1999) (citing to *Flynt v. Ohio*, 451 U.S. 619 (1981); *Street v. New York*, 394 U.S. 576 (1969)).

Under Michigan Court Rule 7.302(C)(3), the petitioner had fifty six days to file a delayed application for leave to appeal with the Michigan Supreme Court. *See Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). Because the petitioner did not file an application for leave to appeal with the Michigan Supreme Court, his conviction became final, for purposes of the AEDPA's statute

of limitations, on August 7, 2003, fifty six days after the Michigan Court of Appeals affirmed his conviction. *See Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002); *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001). Petitioner therefore had until August 7, 2004 to file his petition for writ of habeas corpus with this Court, unless the limitations period was otherwise tolled.

Petitioner filed a post-conviction motion for relief from judgment in state court on June 27, 2008, after the one year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002). Therefore, Petitioner's state post-conviction proceedings did not toll the statute of limitations and his current habeas petition is untimely.

Petitioner does not deny that his habeas petition is untimely but contends that there are factors that support the equitable tolling of the limitations period in this case. The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' " and prevented the timely filing of the habeas petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In the Sixth Circuit, five factors should be used to determine whether it would be appropriate to equitably toll the statute of limitations in a habeas case:

> (1) the petitioner's lack of notice of the filing requirement;
> (2) the petitioner's lack of constructive knowledge of the filing requirement;
> (3) diligence in pursuing one's rights;
> (4) absence of prejudice to the respondent; and,

>   (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. United States*, 250 F. 3d 1001, 1008 (6th Cir. 2001).

The doctrine of equitable tolling should be used "sparingly." *Dunlap*, 250 F. 3d at 1008-09. "Absent a satisfactory explanation for his failure to timely file his habeas petition, Petitioner has failed to exercise due diligence in pursuing his claim" and he is not entitled to equitable tolling. *Id.* at p. 1010. A habeas petitioner bears the burden of establishing that he is entitled to the equitable tolling of the limitations period. *See Jurado*, 337 F. 3d at 642.

In his motion for equitable tolling, Petitioner indicates that he did not understand the appeal process in Michigan and did not know that he could file an application for leave to appeal to the Michigan Supreme Court following the affirmance of his conviction by the Michigan Court of Appeals on direct appeal. Petitioner further indicates that he was unable to obtain legal assistance to file such an application. Petitioner claims that he eventually learned that he could file a post-conviction motion for relief from judgment pursuant to Michigan Court Rule 6.500, *et. Seq.*, and requested assistance from the Michigan Department of Corrections Legal Writer Program to prepare this motion, which he ultimately filed with their assistance.

An inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess*, 306 F. 3d 441, 444 (6th Cir. 2002). Likewise, a claim that a habeas petitioner did not have professional legal assistance is not an extraordinary circumstance which would toll the statute of limitations. *Wilson v. Birkett*, 192 F. Supp. 2d 763, 766 (E.D. Mich. 2002) (internal citations omitted). Ignorance of the law alone is insufficient to warrant equitable tolling. *See Allen v. Yukins*, 366 F. 3d 396, 403 (6th Cir. 2004).

To the extent that Petitioner is claiming that he delayed filing his habeas petition because he

was unaware of the available state post-conviction remedies for challenging his conviction, he would not be entitled to equitable tolling. In another context, the Eleventh Circuit has held that a Petitioner's ignorance of available state post-conviction remedies cannot excuse a procedural default. *See Tower v. Phillips*, 7 F. 3d 206, 211 (11th Cir. 1993). Likewise, the Sixth Circuit has held that a federal criminal defendant's ignorance about filing a § 2255 motion to vacate sentence did not toll the one year limitations period under the AEDPA. *See Reed v. United States*, 13 F. App'x 311, 313 (6th Cir. 2001) (unpublished).

Finally, the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo*, 513 U.S. 298 (1995). *See Souter v. Jones*, 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter*, 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter*, 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* (quoting *Schlup*, 513 U.S. at 321).

In this case, Petitioner is not entitled to equitable tolling based on the actual innocence

exception enunciated in *Souter*, because the petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005); *see also Neal v. Bock*, 137 F. Supp. 2d at 885. Moreover, any actual innocence exception to AEDPA's statute of limitations is inapplicable, in light of the fact that Petitioner pleaded guilty to the charges that he challenges in this petition. *See Reeves v. Cason*, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005). Petitioner has failed to offer "new reliable evidence" that is "so strong that a court cannot have confidence in the outcome" of his guilty plea. *See Connolly v. Howes*, 304 Fed.Appx. 412, 419 (6th Cir. 2008)(unpublished).

### III.

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to

proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The court will deny the petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). The Court will also deny the petitioner leave to appeal in forma pauperis because any appeal would be frivolous. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

IV.

Accordingly, it is **ORDERED** that Respondent's motion for summary judgment [Dkt. # 8] is **GRANTED**.

It is further **ORDERED** that the petition for a writ of habeas corpus [Dkt. # 2] is **DISMISSED**.

It is further **ORDERED** that Petitioner's motion for equitable tolling [Dkt. # 3] is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed in forma pauperis on appeal is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 25, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 25, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS

---